ALLEN C. ABBOTT V. P. N. CAMPBELL.

FILED JUNE 3, 1903.    No. 12,867.

1. **Verification.** A verification of a pleading need not be in the exact words of the statute; it is sufficient if the substance of the statutory requirements is fairly set forth.

2. ————. The word "instrument" imports a writing. Hence a verification by an attorney, in an action upon an instrument for the payment of money only, is not defective because it fails to state expressly that the instrument sued on is in writing.

ERROR to the district court for Loup county: JOHN R. THOMPSON, DISTRICT JUDGE. *Affirmed.*

*Alphonso M. Robbins,* for plaintiff in error.

*A. S. Moon* and *Elliott J. Clements, contra.*

POUND, C.

While we may suspect that the real object of the petition in error is time, its professed purpose is to challenge the sufficiency of the verification of the plaintiff's peti-

tion; the trial court, having refused to strike such petition from the files, rendered judgment upon defendant's failure to plead thereto. The petition is verified by an attorney, who sets forth, among other things, that the action is founded "upon a contract for the payment of money only, and such instrument is in my possession." This verification is objected to because it does not state that the action is founded upon a "written instrument for the payment of money only" as required by section 120 of the code. We see no merit in the objection. A verification of a pleading need not be in the exact words of the statute. It is sufficient if the substance of the statutory requirements is fairly set forth. If there could be any doubt as to this, sections 1 and 145 of the code should suffice to obviate it. The verification in the case at bar expressly states that the contract for payment of money only, upon which suit is brought, is an "instrument." But the word "instrument" imports a writing. *Hoag v. Howard*, 55 Cal. 564; 16 Am. & Eng. Ency. Law (2d ed.), 824. Hence the verification is not defective because it fails to state expressly that the instrument sued on is written.

We recommend that the judgment be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.