[No. 6,358.—Department No. 2.]

## HOAG *v.* HOWARD.

ATTACHMENT—RECORD OF DEED.—A writ of attachment is not an "instrument," within the sense of that term as used in § 1107 of the Code of Civil Procedure; and therefore, a deed, executed prior to the levy of an attachment upon the property conveyed, though not recorded until after the levy, will prevail over the attachment.

INSTRUMENT—DEFINITION.—The word instrument, as used in the Codes, invariably means some written paper or instrument signed and delivered by one person to another, transferring the title to, or giving a lien, on property, or giving a right to debt or duty.

CONSTRUCTION OF STATUTE.—Where a word or clause is found repeatedly used in a statute, it will be presumed to bear the same meaning throughout, unless there is something to show that another meaning is intended.

APPEAL from an order granting a new trial, in the Twenty-second District Court, County of Sonoma. WALLACE, J.

*J. G. Pressley*, and *E. L. Whipple*, for Appellant.

An attachment properly levied takes precedence of an unrecorded deed of which the plaintiff in attachment had no notice. (Civ. Code, §§ 1107, 1114.) Before the Code, the unrecorded deed took precedence (*Plant* v. *Smythe*, 45 Cal. 161); but the sections of the Civil Code, above referred to, were made for the purpose of changing the rule.

*Geo. Pearce*, for Respondent.

The appellant is not a purchaser in good faith or for a valuable consideration, within the meaning of § 1107 of the Code of Civil Procedure; because he did not acquire a title by an *instrument* that was first duly recorded. Nor is he an incumbrancer for the same reasons.

THORNTON, J.:

In this cause, which was an action to recover possession of a parcel of land, the only question presented is, whether a party whose title is made out by a deed not recorded until after the lien of an attachment had been perfected, is superior to that of one who makes title by conveyance from an attachment creditor who has recovered judgment in the action, had execution issued,

has become the purchaser at the execution sale, and received the sheriff's certificate and deed. The grantor in the unrecorded deed and the defendant in the attachment suit is the same person.

It is conceded that prior to the adoption of the Civil Code, the title of the former would prevail. (*Plant* v. *Smythe*, 45 Cal. 161.)

The section of the Civil Code referred to as changing the rule is § 1107, and is in these words:

" Every grant of an estate in real property is conclusive against the grantor, also every one subsequently claiming under him, except a purchaser or incumbrancer, who in good faith, and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded."

The lien here, as we have stated, is claimed under a writ of attachment, and it is contended that the writ of attachment is an instrument in the sense of the statute.

Now, what is the meaning of the word *instrument*, as used in the section referred to ? To ascertain this, the provisions of the Civil Code, which is one act of the Legislature, must be examined.

In examining the provisions of a statute in order to ascertain its meaning, every part of it must be looked to, and where a word or clause is found repeatedly used in it, it will be presumed to bear the same meaning throughout the statute, unless there is something to show that there is another meaning intended. (*Pitte* v. *Shipley*, 46 Cal. 160; see also *Robbins* v. *O. R. R. Co.* 32 id. 472; *Green* v. *Weller*, 32 Miss. 650.)

If we look into the provisions of the Code in which the word " instrument " is used, it will be invariably found to indicate some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty. In the title (IV of Part IV, Second Division) in which the section above quoted (1107) is found, this word is frequently employed. It is used in the following sections of this title : 1053, 1056, 1059, 1091, 1093, 1094, 1095, 1106, 1107, 1110, 1135, 1158, 1161, 1162, 1165, 1170, 1172, 1180, 1181, 1182, 1183, 1185, 1186, 1188, 1190, 1193, 1195, 1196, 1197, 1198, 1199, 1200, 1201, 1202,

1203, 1204, 1205, 1207, 1215, 1216, 1227, 1228, 1229, and also in §§ 709, 994, 1451, 1629, 3087, 3413, 3414.

A cursory perusal of these sections will show that the word has the meaning above attributed to it, and that it nowhere embraces the case of a writ of any kind issued by a court, or officer, or any other authority. Reference is particularly made to §§ 1195 and 1215. Section 1195 relates to the proof of the execution of the instrument, and provides that it may be proved " by the party executing it, or either of them." Section 1215 defines the meaning of the term " conveyance " as used in the two preceding sections, as embracing " every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to real property may be affected, except wills."

Section 1629 abolishes all distinctions between *sealed* and *unsealed* instruments. Title II, Part II, of Division four, is entitled : " Fraudulent instruments and transfers." In §§ 1459 and 3087, the word " instruments" has "negotiable " prefixed to it.

The sections above cited show that the signification of the word "instrument," as used in § 1107, is correctly given above. In fact, the word "instrument " appears to be used, as suggested by Abbott in his definition of the word, (see Abbott's Law Dictionary, word "Instrument ") as an abbreviated form of written instrument, the word written being elided.

It is provided by § 1158, that "any instrument or judgment affecting the title to or possession of real property may be recorded under this chapter." Now, it is manifest, from the quoted words, that a judgment is not an instrument within the meaning of the act. If it were, special mention of it would be unnecessary, as it would be comprehended in the word instrument. If a judgment is not such an instrument, we cannot see how it can be maintained that a writ is.

Other considerations might be urged, but these are sufficient to show that the lien by attachment is not such a one as is referred to in § 1107 of the Civil Code.

As a deduction from the above, the conclusion results that the party claiming under the deed not recorded, when the attachment lien became perfect, must prevail.

The Court below reached the same conclusion, and granted a

new trial, from which this appeal is prosecuted. This order was properly made, and the order appealed from is affirmed.

SHARPSTEIN, J., and MYRICK. J., concurred.