[Crim. No. 462. First Appellate District.—October 25, 1913.]

THE PEOPLE, Appellant, v. W. W. FRASER, Respondent.

CRIMINAL LAW—FILING FALSE BIRTH CERTIFICATE.—A birth certificate is not an "instrument" within the meaning of the term as used in section 115 of the Penal Code, which makes it a felony to procure the filing or recording of a false or forged instrument in any public office of the state.

ID.—RECORDING FALSE INSTRUMENT—MEANING OF "INSTRUMENT."—The word "instrument" as used in section 115 of the Penal Code, is lim-

ited in its meaning and application to that class of instruments invariably referred to throughout our statutes.

Id.—Definition of Word "Instrument."—Generally the term "instrument" as applied to documents necessarily imports a paper writing; but every paper writing is not necessarily an instrument within the settled statutory meaning of the term. With reference to writings the term "instrument" as employed in our statutes has been defined to mean an agreement expressed in writing, signed and delivered by one person to another, transferring the title to or creating a lien on real property, or giving a right to a debt or duty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco sustaining a demurrer to an information. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, J. H. Riordan, Deputy Attorney-General, C. M. Fickert, District Attorney, and Louis Ferrari, Assistant District Attorney, for Appellant.

D. J. Hall, and C. A. O'Dell, for Respondent.

LENNON, P. J.—The defendant in this case was charged in an information filed in the city and county of San Francisco, with having violated section 115 of the Penal Code, which reads as follows: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state or of the United States, is guilty of a felony."

The instrument referred to in the charging part of the information was set out in full, and purports to be a duplicate certificate of birth signed by the defendant, wherein he, as the attending physician, certified that on September 10, 1910, he attended the birth of a male child in the city and county of San Francisco, named Charles Eugene Slingsby; that the name of the father of said child was Charles Henry Reynard Slingsby, and that the maiden name of the mother of said child was Dorothy Morgan Cutler.

The information further alleged that the defendant unlawfully, willfully, feloniously, and knowingly procured said cer-

tificate to be filed, registered, and recorded in the office of the state board of health, in which office said certificate, if genuine, might have been filed, registered, and recorded under the laws of the state of California.

It was specifically charged in the information that said certificate was false in the particulars that neither of the parties mentioned therein was respectively the father or mother of the said child; that the real father and mother of the said child were respectively one Peter Colvin and one Lillian Anderson, all of which, the information alleged, the defendant well knew at the time he procured said certificate to be filed, registered, and recorded.

The defendant's demurrer to the information was allowed by the court, and the people have appealed.

It appears from the record before us that the demurrer was allowed solely upon the ground that the information did not state facts sufficient to constitute a public offense. In our opinion the demurrer upon the ground stated was well taken and rightfully allowed.

A birth certificate is not an instrument within the meaning of the term as used in section 115 of the Penal Code. The context of that section does not indicate that the term "instrument" as employed therein was intended to mean anything different in form and effect from the "instrument" repeatedly referred to in numerous and various other sections of our code system. Nothing to the contrary appearing (either expressly or impliedly) from the language of the code section under discussion, it is inconceivable that the legislature intended that the word "instrument" as used in that section should have any different or broader meaning than that uniformly contemplated by every other code section wherein the word is to be found. It must therefore be presumed that the word "instrument" as used in section 115 of the Penal Code, is limited in its meaning and application to that class of instruments invariably referred to throughout our statutes. (*Hoag* v. *Howard*, 55 Cal. 564; *Miller* v. *Dunn*, 72 Cal. 462, [1 Am. St. Rep. 67, 14 Pac. 27].)

Generally the term "instrument" as applied to documents necessarily imports a paper writing; but every paper writing is not necessarily an instrument within the settled statutory meaning of the term. With reference to writings the term

"instrument" as employed in our statutes has been defined to mean an agreement expressed in writing, signed, and delivered by one person to another, transferring the title to or creating a lien on real property, or giving a right to a debt or duty. (*Hoag* v. *Howard,* 55 Cal. 564; *Foorman* v. *Wallace,* 75 Cal. 552, [17 Pac. 680].) This definition of the term as applied to writings contemplated, created, and controlled by various code provisions, has been repeatedly followed and applied in a variety of cases. Thus, for example, it has been held that a notice of *lis pendens* is not an instrument in the sense contemplated by our statutes (*Warnock* v. *Harlow,* 96 Cal. 298, [31 Am. St. Rep. 209 31 Pac. 166]); that a map is not an instrument within the meaning of the recording act (*Colton L. & W. Co.* v. *Swartz,* 99 Cal. 278, [33 Pac. 878]); that neither an attachment nor a judgment is an instrument within the meaning of section 1107 of the Civil Code (*Wolfe* v. *Langford,* 14 Cal. App. 359, [112 Pac. 203]), and that a notice of a claim of water-rights, although required to be recorded by section 1415 of the Civil Code, is not an instrument within the accepted definition of statutory instruments (*De Wolfskill* v. *Smith,* 5 Cal. App. 175, [89 Pac. 1001]).

An unbroken line of authorities from other jurisdictions uniformly concur in the definition of a statutory instrument adopted and accepted in this state. Particularly in point is the case of *State* v. *Kelsey,* 44 N. J. L., pp. 1 and 32. In that case the secretary of state sought to recover certain fees for filing in his office every certificate of birth, marriage, and death; and the court was called upon to construe a statute which gave to the secretary of state, among other fees, twelve cents for "filing every bond or other instrument of writing of a public nature." The court in effect held that the phrase "instrument of writing," in its intrinsic signification and standing alone, did not embrace every possible paper writing, but only paper writings of a particular class, which did not include certificates of birth. The conclusion arrived at in the case last cited was based upon substantially the same reasoning which is the foundation for the definition of "instrument" adopted by the courts of this state.

For the reasons stated we are forced to the conclusion that the birth certificate alleged to have been prepared and procured to be filed by the defendant in the present case contains

none of the essentials of a statutory instrument; and therefore the conduct charged against the defendant in the information, however reprehensible it may be from a moral and ethical point of view, is not punishable under the provisions of section 115 of the Penal Code.

The order appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.