[Civ. No. 19596. Third Dist. June 6, 1980.]

HELEN FAYE GENERES, Plaintiff and Respondent, v.
THE JUSTICE COURT FOR THE REDDING JUDICIAL
DISTRICT OF SHASTA COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones, Edmund D. McMurray and Wm. George Prahl, Deputy Attorneys General, for Real Party in Interest and Appellant.

Helen Faye Generes, in pro. per., for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**PUGLIA, P. J.**—The People appeal from a judgment of the superior court issuing a writ of prohibition. The writ restrains the Redding Justice Court from further proceedings on a felony complaint. The complaint undertakes to charge respondent Generes with a public offense. Generes is the plaintiff in the superior court prohibition proceedings and the People are the real party in interest.

On this appeal we must determine whether the allegations of the felony complaint are sufficient to charge a violation of Penal Code section 115, a task which calls into question the proper construction of that provision. That section provides: "Every person who knowingly procures or offers any *false* or forged *instrument* to be filed, registered, or recorded in any public office within this State, which instrument, if genuine, might be filed, or registered, or recorded under any law of this State or of the United States, is guilty of a felony." (Italics added.)

The felony complaint alleges that Generes willfully, unlawfully, and knowingly procured and offered to be filed, registered, and recorded in the county recorder's office a false grant deed conveying from herself to herself a false easement for road and utility purposes in violation of Penal Code section 115. Generes' demurrer to the complaint was overruled by the justice court.

Generes then petitioned the superior court for a writ of prohibition. In issuing the peremptory writ, the superior court stated: "It appears from the face of the complaint that Defendant filed a document which was exactly what it purported to be: to wit, a deed from herself to herself granting herself an easement over land she did not own. The court does not rule that this conduct is legal. It merely states now that it is not a violation of Penal Code Section 115."

The interpretation of a statute presents a question of law. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 209-210, pp. 4200-4202.) In addressing that question, we may give deferential consideration to the trial court's opinion and ruling but we are not bound thereby. ▮ Following our independent analysis of Penal Code section 115, we shall hold that under the proper construction of the statute, the felony complaint is not facially insufficient; if Generes had no legally cognizable interest in the subject land, her procuring or offering to be recorded of a grant deed purporting to convey from herself an easement in such land was a public offense; such a document would constitute a "false instrument" within the contemplation of Penal Code section 115.

## I.

The People assert that the trial court applied an overly narrow construction of the word "false." ▮ Penal Code section 115 was designed to prevent the recordation of spurious documents knowingly

offered for record. (*People* v. *Baender* (1924) 68 Cal.App. 49, 55 [228 P. 536].) The legal impossibility of Generes' conveying an interest in realty she did not own is of no significance in assessing the falsity of the deed where the deed *appears* valid on its face. (See *People* v. *Baender, supra*, 68 Cal.App. at p. 59.) The crime is complete when the deed has been prepared so that "upon its face it will have the effect of defrauding one who acts upon it as genuine." (*People* v. *Horowitz* (1945) 70 Cal. App.2d 675, 686 [161 P.2d 833].) It is not necessary to constitute a completed offense that anyone actually be defrauded. (*People* v. *Baender, supra*, at p. 59; *People* v. *Geibel* (1949) 93 Cal.App.2d 147, 168 [208 P.2d 743].)

■ Here the lack of an ownership interest in the land goes to the deception itself. If Generes did not own the interest she purported to convey, the instrument she filed was clearly false. Having no right to grant or convey an easement, her recording of a deed transferring an easement would establish a cloud on the title of those persons who lawfully owned interests in the land. A title searcher encountering the spurious document who acted upon it as genuine would of course be materially deceived.

■ Generes is incorrect in her assertion that a violation of Penal Code section 115 requires a writing which falsely purports to be the writing of another, i.e., a forgery. Reliance for this proposition on *People* v. *Baender, supra*, is misplaced, because *Baender* factually involved a forged rather than a false instrument. Penal Code section 115 differentiates between the two categories, clearly proscribing either a false *or* a forged instrument. Obviously, as in the present case, an instrument may have the effect of defrauding one who acts on it as genuine even though it does not bear a forged signature or otherwise meet the technical requirements of a forged instrument.

## II.

Generes maintains the subject deed is not an "instrument" within the contemplation of Penal Code section 115 because (1) it does not constitute an agreement, and (2) there can be no delivery "from oneself to oneself." Generes relies on a line of cases in which the term "instrument" is defined as ". . . an *agreement* expressed in writing, signed, and *delivered* by one person to another, transferring the title to or creating a lien on real property, or giving a right to a debt or duty." (E.g., *Peo-*

*ple* v. *Fraser* (1913) 23 Cal.App. 82, 84-85 [137 P. 276]; *Jennings* v. *American President Lines* (1943) 61 Cal.App.2d 417, 422 [143 P.2d 349, 144 P.2d 54]; *Rich* v. *Ervin* (1948) 86 Cal.App.2d 386, 391 [194 P.2d 809]; *People* v. *Wood* (1958) 161 Cal.App.2d 24, 28-29 [325 P.2d 1014]; *People* v. *Olf* (1961) 195 Cal.App.2d 97, 109-110 [15 Cal.Rptr. 390]; *People* v. *Fox* (1977) 73 Cal.App.3d 178, 180 [140 Cal.Rptr. 615]; italics added.) Unfortunately, *People* v. *Fraser, supra,* the appellate decision first employing the foregoing definition, distorted the sense of language in *Hoag* v. *Howard* (1880) 55 Cal. 564, upon which it relied, and subsequent appellate decisions have uncritically accepted the limitations imposed by the *Fraser* definition. As a result, in those cases the term "instrument" has been narrowly construed to exclude written documents that do not embrace an agreement, some of which undoubtedly would fall within a more generic definition of the term "instrument." (E.g., *Fraser, supra* [birth certificate]; *Jennings, supra* [deposition]; *Rich, supra* [homestead declaration]; *Wood, supra* [Dept. of Motor Vehicles dealer records]; *Olf, supra* [permit to issue securities]; *Fox, supra* [voter registration affidavit].)

*Hoag* v. *Howard, supra,* 55 Cal. 564, did not involve Penal Code section 115. It merely held that the term "instrument" as it appeared in the Civil Code was used to indicate "some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty." (P. 565.) The definition obviously was not restricted to agreements since a conveyance of realty needs no consideration for its validity. (Civ. Code, § 1040.) ▮ In any event, California courts have long held deeds to be among the class of instruments coming within the purview of Penal Code section 115. (E.g., *People* v. *Webber* (1919) 44 Cal.App. 120 [186 P. 406], hg. den.; *People* v. *Baender, supra,* 68 Cal.App. 49; *People* v. *Standley* (1932) 126 Cal.App. 739 [15 P.2d 180]; *People* v. *Gilbert* (1938) 26 Cal.App.2d 1 [78 P.2d 770]; *People* v. *Bresin* (1966) 245 Cal.App.2d 232 [53 Cal.Rptr. 687].)

▮ Wills are not agreements and they also are considered instruments within the contemplation of Penal Code section 115. (*People* v. *Davidian* (1937) 20 Cal.App.2d 720, 723 [67 P.2d 1085]; *People* v. *Todd* (1953) 120 Cal.App.2d 640 [261 P.2d 766].) ▮ Furthermore, a will does not require delivery for its validity as does a grant of an interest in realty. (See Civ. Code, § 1054.) ▮ The requirement of a delivery likewise is unnecessary to the validity of a contractual agreement.

■ We therefore conclude that to qualify as an instrument within Penal Code section 115, a document need not represent an agreement; moreover it is not necessary that such a document be one that requires a delivery as a condition of validity. ■ We further conclude that a deed purporting to transfer an easement in real property from oneself to oneself is an instrument within the meaning of Penal Code section 115; if the grantor has no interest to convey, such an instrument is false; knowingly procuring or offering for recordation such a false instrument constitutes a crime under Penal Code section 115.

The judgment is reversed.

Paras, J., and Lally, J.,* concurred.

A petition for a rehearing was denied July 1, 1980, and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied July 30, 1980. Mosk, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.