Opinion
 

 EPSTEIN, Acting P. J.
 

 It is a practice of the trial court in ordering community service as a condition of probation to require the agency receiving the service, or an administering agency, to complete a work referral form. The defendant probationer is required to submit the completed form to the court in order to establish satisfaction of the probation condition. Failure to satisfy the condition generally amounts to a violation of a probation term, subjecting the defendant to imposition of a period of incarceration.
 

 These combined cases present a single common issue: whether a false referral form, purportedly completed and indicating defendant’s completed hours of service, is an “instrument” for purposes of Penal Code section 115, subdivision (a), which punishes offering a false instrument for filing. In the
 
 *665
 
 published portion of this opinion we conclude that it is. That conclusion requires affirmance of one of the cases before us. Reversal is required in the other because of serious misconduct of the trial judge in answering a substantive jury question in the jury room, without notifying counsel and in discussing it without a reporter and without the consent of the parties to proceed in this manner.
 

 Factual and Procedural Summary
 

 Appellants Ms Salaam Tate and Tina Evette Neal appeal their convictions for luiowingly filing a false instrument, a violation of Penal Code section 115, subdivision (a). (We generally refer to this provision simply as section 115; all other statutory references are to the Penal Code unless otherwise stated.) Each appellant raises the same issue: whether the work program referral form is an “instrument” within the scope of section 115. Appellant Tate raises an additional issue concerning the trial judge’s response to a jury question.
 

 In the underlying cases, each appellant had been charged with misdemeanors, had pled guilty, and had been placed on probation by the Los Angeles Municipal Court. The conditions of probation included a fine or, in the alternative, a specified number of community service hours for the California Department of Transportation. Each appellant was referred to People Who Care, a community service center.
 

 The executive director of the Volunteer Center of Los Angeles discovered that People Who Care was receiving an excessive amount of referrals at its office in South Central Los Angeles. The office was closed after a police investigation. Each appellant admitted to a federal investigator that she had not actually completed the community service reported in the work referral form she had submitted. Each was charged with four felony counts: section 115, and sections 132 (offering false evidence), 134 (preparing false evidence), and 470 (forgery of a court record). Each pled not guilty to these charges.
 

 Their cases were joined and Med to a jury, which found each appellant guilty of a violation of section 115 for knowingly filing a false instrument. Each has filed a timely notice of appeal.
 

 Discussion
 

 I
 

 Section 115, subdivision (a) provides: “Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or
 
 *666
 
 recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.” This provision was enacted in 1872 as part of one of the four Field Codes enacted that year. Other than relettering, it has not been changed since that time.
 

 As originally enacted, section 115 was one of five provisions forming a chapter of the Penal Code entitled “Forging, Stealing, Mutilating, and Falsifying Judicial and Public Records and Documents.” The object of the provisions was to protect the integrity of judicial and public records.
 
 (People
 
 v.
 
 Parks
 
 (1992) 7 Cal.App.4th 883, 887 [9 Cal.Rptr.2d 450].) Appellants argue that a document such as the work program referral form is not among the instruments contemplated by the statute. The early cases support them; the later ones do not.
 

 An early case,
 
 Hoag
 
 v.
 
 Howard
 
 (1880) 55 Cal. 564, construed “instrument” as used in former section 1107 of the Code of Civil Procedure, relating to acquisition of title or lien by a recorded “instrument.” The court reviewed the large number of Code of Civil Procedure provisions relating to an “instrument,” and concluded that the term referred to a “written paper or instrument signed and delivered by one person to another transferring the title to or creating a lien on property, or giving a right to a debt or duty” (55 Cal. at p. 565) and hence did not include an official writ, the writing involved in the case.
 
 Hoag
 
 did not involve section 115, and the court did not discuss the term “instrument” in any context other than its use in the Code of Civil Procedure. Nevertheless, the Court of Appeal in
 
 People
 
 v.
 
 Fraser
 
 (1913) 23 Cal.App. 82, 84 [137 P. 276] applied the
 
 Hoag
 
 case in holding that a false birth certificate filed by a physician did not fall within the proscription of section 115. Following
 
 Fraser,
 
 other cases reached the same result:
 
 People
 
 v.
 
 Wood
 
 (1958) 161 Cal.App.2d 24, 28 [325 P.2d 1014] (Fraser construction of section 115 applied to Vehicle Code provision);
 
 People
 
 v.
 
 Olf (1961)
 
 195 Cal.App.2d 97, 109 [15 Cal.Rptr. 390] (permit application filed with Commissioner of Corporations);
 
 People
 
 v.
 
 Fox
 
 (1977) 73 Cal.App.3d 178, 180-181 [140 Cal.Rptr. 615] (false voter registration affidavit; definition applied in
 
 Fraser
 
 “now vintage law”).
 

 These cases, and others, followed
 
 Fraser
 
 without critical analysis, and without discussion of the fact that the case upon which it relied did not deal with section 115. This line of precedent came to an end with
 
 Generes
 
 v.
 
 Justice Court
 
 (1980) 106 Cal.App.3d 678, 682 [165 Cal.Rptr. 222]. In
 
 Generes
 
 the defendant was alleged to have filed a deed from and to herself purporting to convey an easement. The defendant did not own the property that would be burdened by the easement. She was charged with violation of
 
 *667
 
 section 115. After deciding that the document was “false” within the meaning of the statute, the court took up the question of whether it was an “instrument.” Like our defendant, the
 
 Generes
 
 defendant relied on a line of cases defining “instrument” as an agreement in writing, signed and delivered by one person to another. The court concluded that
 
 Fraser
 
 had “distorted the sense of language in
 
 Hoag
 
 v. Howard,” and refused to follow it. (106 Cal.App.3d at p. 683.) The court held that “to qualify as an instrument within [section 115], a document need not represent an agreement; moreover it is not necessary that such a document be one that requires a delivery as a condition of validity.” The court concluded that a deed was within the ambit of the statute.
 
 (Id.
 
 at p. 684.)
 

 Generes
 
 was followed by
 
 People
 
 v.
 
 Parks, supra,
 
 7 Cal.App.4th 883. The defendant in that case was charged with offering a temporary restraining order that he had altered and expanded. His conviction for violation of section 115 was affirmed. The court traced the history and construction of section 115 from its enactment in 1872. The court followed
 
 Generes
 
 in rejecting the
 
 Fraser
 
 line of decisions (7 Cal.App.4th at pp. 886, 887) concluding that “[w]hatever else may be meant by the word ‘instrument,’ on these facts we find that protection of judicial and public records such as the documents in this case was clearly within the legislative intent of section 115.”
 
 (Id.
 
 at p. 887.)
 

 The work referral forms at issue in this case were to be filled out by an administering agency to reflect the number of hours the probationers had worked on a service project. They were intended to be filed with the court to demonstrate fulfillment of the work service condition of probation. Defendants had not performed the service reflected on their respective documents, and they knew it. They deliberately filed these false documents with the court in order to induce the court to credit them with satisfaction of a probation term they had not satisfied. Under these circumstances, the documents were “instruments” within the meaning of section 115, and both appellants Neal and Tate were liable to conviction upon ascertainment of these facts.
 

 As to Neal, this analysis ends the matter. But Tate raises a different issue concerning judicial misconduct. We turn to that issue.
 

 II
 
 *
 

 
 *668
 
 Disposition
 

 The judgment is affirmed as to appellant Neal. The judgment as to appellant Tate is reversed and her case remanded for new trial.
 

 Hastings, J., and Aranda, J.,
 
 *
 
 concurred.
 

 *
 

 See footnote,
 
 ante,
 
 page 663.
 

 *
 

 Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the Caifomia Constitution.