[No. A103622. First Dist., Div. Four. Mar. 30, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD STEVEN POWERS, Defendant and Respondent.

COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Amy Haddix, Deputy Attorneys General, for Plaintiff and Appellant.

Jack B. Montgomery for Defendant and Respondent.

OPINION

SEPULVEDA, J.— ■  The operators of commercial passenger fishing vessels are required to file monthly reports of fishing activity with the California Department of Fish and Game (Department). (Fish & G. Code, § 7923; Cal. Code Regs., tit. 14, § 190). The reports log the number of species caught, fishing method used, and other information for resource analysis and management. The issue on appeal is whether a fishing boat operator who files a false fishing activity report with the Department may be prosecuted under Penal Code section 115 for knowingly offering a false instrument to be filed with a state public office. We conclude that a fishing activity report required to be filed under the Fish and Game Code and Department regulations is an instrument within the meaning of Penal Code section 115. Accordingly, we reverse the trial court's orders sustaining a demurrer to the People's complaint and denying the People's motion to reinstate the complaint. (Pen. Code, §§ 871.5, 1004, 1238, subd. (a)(2) & (9).)

## I.

### FACTS[1]

Respondent Richard Steven Powers is the owner and operator of a commercial fishing vessel who takes passengers fishing along the Sonoma County coast. The People allege that appellant directed and assisted passengers in using an illegal number of hooks, landing over limits of fish, keeping undersized fish, and taking protected species of fish. Appellant is charged with violation of fishing laws, conspiracy to violate fishing laws, perjury in connection with a Department application, failure to keep complete and accurate fishing activity records, and knowingly offering false instruments for filing in a state public office. (Pen. Code, §§ 115, subd. (a), 118, 182, subd. (a)(1); Cal. Code Regs., tit. 14, §§ 27.80, subd. (a)(1) & (2), 28.27, 28.55, subds. (a)(1), (b), (d), 190.) The multiple charges cover conduct from

---

[1] On review following demurrer, we deem true all material factual allegations of the complaint. (*People v. Keating* (1993) 21 Cal.App.4th 145, 151 [25 Cal.Rptr.2d 810].)

October 2000 to July 2002. The complaints do not allege the type of instrument that is the subject of the prosecution, but the People concede that the Penal Code section 115 charges are founded upon allegedly false fishing activity records filed with the Department.

## II.

## PROCEDURAL HISTORY

A magistrate judge sustained demurrers to nine counts of filing false instruments upon finding that a fishing activity record is not an instrument within the meaning of Penal Code section 115. (Pen. Code, § 1004.) The People moved to reinstate the charges dismissed from the complaints. (Pen. Code, § 871.5.) The trial court denied the motion on the independent ground that prosecution for filing a false instrument was precluded by a more specific regulation penalizing failure to submit a complete and accurate record of fishing activities. (Pen. Code, § 115, subd. (a); Cal. Code Regs., tit. 14, § 190.) The People appealed.

## III.

## DISCUSSION

A. *Penal Code section 115: offering a false instrument for filing in a public office.*

Penal Code section 115 (section 115) provides, in relevant part: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." Fishing activity records are filed with the Department, a public office within this state. (Pen. Code, § 115, subd. (a); Fish & G. Code, §§ 7923, 8022; Cal. Code Regs., tit. 14, § 190.) The question presented is whether a fishing activity record is an instrument within the meaning of section 115.

Section 115 was enacted in 1872, and its interpretation has proven surprisingly troublesome over the centuries. In its broadest sense, an instrument could be any written document but the word is usually limited to more formalized documents. A common definition of instrument is a "formal legal document whereby a right is created or confirmed, or a fact recorded; a formal writing of any kind, as an agreement, deed, charter, or record, drawn up and executed in technical form, so as to be of legal validity." (Oxford

English Dict. (2d ed. CD-ROM 1994); accord, Merriam-Webster's 10th Collegiate Dict. (2000) p. 605 ["a formal legal document (as a deed, bond, or agreement)]."] A legal dictionary likewise defines instrument as "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." (Black's Law Dict. (7th ed. 1999) pp. 801–802, cols. 2 & 1.)

■ Section 115, by its terms, limits prosecution for filing false or forged instruments to those instruments which, "if genuine, might be filed, registered, or recorded" under state or federal law. Recording a false or forged instrument is not actionable under section 115 if the instrument was not legally entitled to be recorded. (See *People v. Harrold* (1890) 84 Cal. 567, 569–570 [24 P. 106] [forged bill of sale assigning patent not entitled to be filed, and thus not actionable].) It could be argued that a document entitled to be filed, registered, or recorded is of sufficient legal importance that it constitutes an instrument and is worthy of protection under section 115. The Arizona Supreme Court, interpreting a provision identical to section 115, so held in affirming a felony conviction for filing a forged application for a government loan. (*Lewis v. State* (1927) 32 Ariz. 182 [256 P. 1048].) The Arizona high court declined to limit the meaning of instrument to a particular class of documents because it found that the statute was meant to prevent "the filing or recording of any false instrument no matter what its nature, if that instrument was of a character which the state considered important enough to make the instrument a public record." (*Id.* at p. 1050.)

However, the California courts have shown reluctance to interpret section 115 so broadly that it encompasses any writing that may be filed in a public office. Early cases narrowly interpreted instrument under section 115 as "an agreement expressed in writing, signed, and delivered by one person to another,transferring the title to or creating a lien on real property, or giving a right to a debt or duty." (*People v. Fraser* (1913) 23 Cal.App. 82, 84–85 [137 P. 276] (*Fraser*) [holding that a birth certificate is not an instrument under § 115].)

The *Fraser* court's narrow definition was imported from the recording act in the Civil Code, where title to real property is subjugated to the interests of a good faith purchaser for value who acquires title or a lien by an " 'instrument that is first duly recorded.' " (*Foorman v. Wallace* (1888) 75 Cal. 552, 555–556 [17 P. 680]; *Hoag v. Howard* (1880) 55 Cal. 564, 565–566; Civil Code, § 1107.) Under these real property cases, a sheriff's certificate of sale was held to be an instrument, whereas a writ of attachment was not, because only the former document creates or conveys title. (*Foorman v. Wallace, supra,* at pp. 556–557; *Hoag v. Howard, supra,* at pp. 565–566.) As used in the recording act affecting title to real property, the word instrument invariably indicated a written paper "signed and delivered by one person to another,

transferring the title to or creating a lien on property, or giving a right to a debt or duty." (*Hoag v. Howard, supra,* at p. 565.)

But the *Fraser* court's reliance on real property cases overlooked the broader contemporaneous meaning of the word instrument. For example, a will has always been regarded as an instrument, and our Supreme Court has specifically affirmed that a will is an instrument under section 115. (*In re Horowitz* (1949) 33 Cal.2d 534, 542 [203 P.2d 513]; see *Foorman v. Wallace, supra,* 75 Cal. at p. 555 [citing dictionary definition of instrument to include wills].) Yet, a will is not an agreement and thus falls outside the literal scope of the *Fraser* court's definition, founded as it is on *Foorman's* summary statement that an instrument "is a writing which contains some agreement." (*Fraser, supra,* at p. 85; *Foorman v. Wallace, supra,* at p. 555.)

More recent cases have rightly criticized *Fraser's* narrow reading of instrument drawn exclusively from civil cases concerning real property. (E.g. *Generes v. Justice Court* (1980) 106 Cal.App.3d 678, 682–684 [165 Cal.Rptr. 222]; see also *Plaza Freeway Ltd. Partnership v. First Mountain Bank* (2000) 81 Cal.App.4th 616, 621, 626 [96 Cal.Rptr.2d 865] [interpreting instrument under Evid. Code, § 622].) As noted in *People v. Parks* (1992) 7 Cal.App.4th 883, 887 [9 Cal.Rptr.2d 450], the Legislative purpose of section 115 is to safeguard the integrity of official records. Nothing in the statute suggests that real property records alone are worthy of protection. Under current jurisprudence, a variety of legally significant documents have been held to be instruments under section 115, including a temporary restraining order falsified to expand its requirements and a community work referral form falsified to show completion of a condition of probation. (*People v. Parks, supra,* 7 Cal.App.4th at p. 885; *People v. Tate* (1997) 55 Cal.App.4th 663, 667 [64 Cal.Rptr.2d 206].) While this court once followed *Fraser* in holding that a false affidavit of voter registration was not an instrument under section 115, *People v. Fox* (1977) 73 Cal.App.3d 178 [140 Cal.Rptr. 615], more recent authority has demonstrated that the limited definition of instrument articulated in *Fraser* is incorrect and should not be perpetuated.

Respondent makes no effort to defend *Fraser* and its progeny, but argues that section 115 must be limited to an undefined class of "significant" documents such as "wills, deeds, bonds, court orders, and court certificates" and not be read to include something as "mundane" as a fishing log. We do not agree with respondent's characterization of fishing activity records as insignificant and mundane. The Department relies upon the records for resource analysis and management, and compiles and publicly disseminates a summarization of the information collected. (Fish & G. Code, §§ 7923, 8022.) The People offered below to prove that the fishing activity records are "vital to the health and continued well-being of the sea habitat." Even in the

absence of such proof at this demurrer stage of the proceedings, it is clear that the Department's public mandate to protect fisheries is compromised by false fishing activity records that misrepresent the number, type, or location of fish taken.

Notably, the Washington Supreme Court has held that "fish receiving tickets" that record similar fishing information as do California's fishing activity records are instruments under a criminal provision virtually identical to our section 115. (*State v. Price* (1980) 94 Wn.2d 810 [620 P.2d 994].) In *Price,* convictions for knowingly offering a false instrument were affirmed where commercial fish buyers transmitted fish receiving tickets to the state Department of Game falsely stating that the fish were caught by Treaty Indians exercising treaty fishing rights in treaty waters. (*Id.* at pp. 995, 999.) In so ruling, the court determined that a document required or permitted to be filed, registered, or recorded in a public office is an instrument if "(1) the claimed falsity relates to a material fact represented in the instrument; and (2a) the information contained in the document is of such a nature that the government is required or permitted by law, statute or valid regulation to act in reliance thereon; or (2b) the information contained in the document materially affects significant rights or duties of third persons, when this effect is reasonably contemplated by the express or implied intent of the statute or valid regulation which requires the filing, registration, or recording of the document." (*Id.* at p. 999.) The court found fish receipts to be instruments because the government necessarily relied and acted upon the falsely transmitted fishing information in its resource management, and the false information could adversely affect the allocation of fish to Treaty Indians. (*Ibid.*)

A similar conclusion obtains here. The Department relies upon fishing activity records to set fishing limits and those limits materially affect commercial fishing enterprises and recreational anglers alike. Management of fisheries demands accurate information, and the seemingly "mundane" fishing activity records provide that information. We find that legally mandated fishing activity records are instruments within the meaning of section 115.

■     Our conclusion is not altered by the fact that fishing activity records are confidential and the information contained within the records is not available to the public except as summaries. (Fish & G. Code, §§ 7923, 8022.) Contrary to respondent's argument, section 115 is concerned with the offering of false instruments for filing, registering, or recording in a public office and its protection is not limited to those instruments available for direct public inspection. It is thus a violation of section 115 to offer a false will for probate with knowledge of its falsity, whether or not the will is recorded as a public document and produces a false record that deceives the public. (*People v. Garfield* (1985) 40 Cal.3d 192, 195 [219 Cal.Rptr. 196, 707 P.2d 258].)

Nor do we credit respondent's argument that the courts' early struggle to define *instrument* under section 115 proves that the provision is unconstitutionally vague. In evaluating a vagueness claim, "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." (*United States v. Lanier* (1997) 520 U.S. 259, 267 [137 L.Ed.2d 432, 117 S.Ct. 1219].) While *instrument* under section 115 was narrowly construed in early cases to apply mostly to real property documents, the statute has been broadly construed for decades to cover a wider array of documents. (*People v. Tate, supra,* 55 Cal.App.4th at p. 667 [work referral form]; *People v. Parks, supra,* 7 Cal.App.4th at pp. 885, 887 [temporary restraining order].) As observed in *Tate,* the *Fraser* line of precedent narrowly construing *instrument* under section 115 came to an end with *Generes* in 1980. (*People v. Tate, supra,* at p. 666, citing *Generes v. Justice Court, supra,* 106 Cal.App.3d at p. 682.) At the time of defendant's conduct, it was reasonably clear that his conduct was criminal.

B. *Prosecution under Penal Code section 115 and a more specific regulation.*

Respondent is charged with both offering a false instrument to be filed in a public office under section 115, and failure to "keep and submit a complete and accurate record of fishing activities" as required by Department regulations. (Cal. Code Regs., tit. 14, § 190 (regulation 190).) Violation of section 115 is a felony, whereas violation of regulation 190 is a misdemeanor. (Pen. Code, § 115; Fish & G. Code, §§ 12000, subd. (a), 12002, subd. (a).) Respondent argues that he cannot be prosecuted under both the penal statute and the regulation because regulation 190 is a "specific" or "special" law that applies to the exclusion of section 115, a "general" statute authorizing a harsher punishment for the same conduct.

Respondent invokes the rule that, " 'where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute . . . .' " (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].) This rule "serves as an aid to judicial interpretation when two statutes conflict." (*People v. Walker* (2002) 29 Cal.4th 577, 586 [128 Cal.Rptr.2d 75, 59 P.3d 150].) "The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the

Legislature intended the specific provision alone to apply." (*People v. Jenkins* (1980) 28 Cal.3d 494, 505 [170 Cal.Rptr. 1, 620 P.2d 587].) Absent contrary legislative intent, "the *Williamson* preemption rule is applicable (1) when each element of the general statute corresponds to an element on the face of the special statute, or (2) when it appears that a violation of the special statute will necessarily or commonly result in a violation of the general statute." (*People v. Watson* (1981) 30 Cal.3d 290, 295–296 [179 Cal.Rptr. 43, 637 P.2d 279]; accord, *People v. Walker, supra,* 29 Cal.4th at p. 585.)

The terms of section 115 and regulation 190 are not identical. Section 115 has two significant elements that have no counterparts in regulation 190. Section 115 requires that the defendant "knowingly" offer a false instrument, and that the defendant actually offer the instrument for filing, registration, or recordation. In contrast, regulation 190 has no scienter requirement on its face, and failure to file any fishing activity record is punishable (as well as filing an inaccurate report). A violation of regulation 190 will not necessarily, or even commonly, result in a violation of section 115. A person who fails to file any fishing activity report will be guilty of violating regulation 190, but not section 115. Two of the regulation 190 counts alleged in this case are expressly based on a failure to submit fishing reports, and not a failure to submit accurate reports. Moreover, a person who unknowingly files a false fishing report will be guilty of violating regulation 190, but not section 115.

The scienter element distinguishes this case from *People v. Wood* (1958) 161 Cal.App.2d 24 [325 P.2d 1014], upon which respondent relies. In *Wood*, a Vehicle Code provision making it a misdemeanor to knowingly make a false statement in documents filed with the Department of Motor Vehicles (DMV) was found to be a specific statute that excluded conviction under section 115. (*Id.* at pp. 27–30.) Unlike this case, the Vehicle Code provision in *Wood* mirrored the elements of section 115: knowingly making a false statement in a document (knowingly offering a false instrument) filed with the DMV (filed in a public office).

■ The elements of section 115 are not similarly matched with the elements of regulation 190. Section 115 is limited to the more egregious conduct of knowingly offering false instruments for filing in a public office. The Legislature may properly enact alternative penal provisions "to punish less despicable conduct less severely, and to punish more despicable conduct more severely." (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 32 [101 Cal.Rptr.2d 835].)

## IV.

## DISPOSITION

The trial court's orders sustaining demurrers to the People's complaints and denying the People's motion to reinstate the Penal Code section 115 charges are reversed, and the charges are reinstated. The case is remanded to the Sonoma County Superior Court for proceedings consistent with this opinion.

Kay, P. J., and Reardon, J., concurred.