Filed 6/14/24  P. v. Singh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099583 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE000947) |
| v. | |
| RAGHVENDRA SINGH, | |
| Defendant and Appellant. | |

A jury convicted defendant Raghvendra Singh of filing a fraudulent or forged document, namely a proof of service attached to a motion.  On appeal, defendant contends that the jury lacked sufficient evidence to find him guilty of violating Penal Code[1] section 115 because the proof of service could not be legally filed.  Specifically, defendant claims the proof of service could not be legally filed because he lacked

---

[1]     Undesignated statutory references are to the Penal Code.

standing to file the motion, the motion was untimely filed, and the motion lacked citations to legal authority. Defendant also argues that the lack of sufficient evidence supporting his conviction violated his due process rights and rights to a jury trial under the Fifth, Sixth, and Fourteenth Amendments. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the city of Elk Grove filed a lawsuit against Kiran Rawat, who was married to defendant at the time. City attorney Jonathan Hobbs's office filed a lawsuit alleging that Rawat's home was substandard and a nuisance. Because defendant was not the record owner of the property, the city did not name him in the lawsuit. Rawat filed a cross-complaint against the city and defendant. The trial court bifurcated the cross-complaint portion of the case so that the original portion of the lawsuit could proceed. Even though defendant was a witness, not a party, in the main lawsuit, he filed several motions in the case.

After Hobbs secured a judgment against Rawat, defendant filed a handwritten motion to set aside the judgment, disqualify Hobbs, and enter judgment in defendant's favor. Attached to the motion was a handwritten proof of service, which listed Hobbs as a person served. However, Hobbs was not served. Hobbs recognized the handwriting in the motion and the proof of service as defendant's. Hobbs opposed the motion on the bases that: the proof of service was defective for not including the date and manner of service, defendant lacked standing to file the motion, and the motion was untimely. Ultimately, the trial court denied defendant's motion.

In July 2023, an amended information charged defendant with unlawfully and knowingly offering to be filed a false and forged proof of service at the Sacramento Superior Court. (§ 115, subd. (a).) The amended information also alleged that: defendant had 14 prior convictions for violating section 115, subdivision (a), and he was on postrelease community supervision when he committed the instant crime.

At trial, Hobbs testified that a proof of service is typically a form that provides evidence that the moving party has properly served a document on the opposing party in litigation. If the opposing party does not file an opposition, the judge uses the proof of service to confirm the document was properly served and the opposing party had the opportunity to respond. If there was proper service, the judge can enter a default judgment that could award the moving party what it asked for in the motion. Hobbs testified that the proof of service was a document that could be legally filed in a public office if it were not fraudulent.

A Sacramento County probation officer testified that defendant was on postrelease community supervision when he was arrested for the instant crime. The trial court instructed the jury with CALCRIM No. 1945, stating that to find defendant guilty of filing a false or forged document, the prosecution must prove that: (1) "[d]efendant caused a false or forged document to be filed in a public office in California"; (2) "[w]hen . . . [defendant] did that act, he knew that the document was false or forged"; and (3) "[t]he document was one, that if genuine, could be legally filed."

The jury found defendant guilty of filing a false or forged instrument and found true the allegation that he was on postrelease community supervision when he committed the crime. At sentencing, the trial court imposed the upper term of three years.

DISCUSSION

On appeal, defendant contends there was insufficient evidence to support the conviction for filing a false or forged document. Defendant does not argue that he did not offer a proof of service that he knew was false or forged to be filed. Rather, he contends that even if the proof of service was genuine, defects in the motion itself rendered the proof of service unable to be legally filed. Specifically, defendant argues he lacked standing to file the motion, he failed to timely file the motion, and the motion lacked citation to legal authority. Defendant also asserts that the defects in the motion excluded it from being an instrument within the meaning of section 115 because the

information in the motion was not "of such a nature that the government was required to or permitted by law . . . to act in reliance thereon" and it could not affect the "rights or duties of third parties." Lastly, defendant asserts that the lack of sufficient evidence violated his rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments.

Section 115, subdivision (a) provides: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." If a document is filed, "it is necessarily a document that 'if genuine, might be filed, registered, or recorded.' " (*People v. Murphy* (2011) 52 Cal.4th 81, 88.) And a document is considered an instrument if " '(1) the claimed falsity relates to a material fact represented in the instrument;[2] and (2a) the information contained in the document is of such a nature that the government is required or permitted by law, statute or valid regulation to act in reliance thereon; or (2b) the information contained in the document materially affects significant rights or duties of third persons, when this effect is reasonably contemplated by the express or implied intent of the statute or valid regulation which requires the filing, registration, or recording of the document.' " (*People v. Powers* (2004) 117 Cal.App.4th 291, 297.) Further, a document is an instrument within the meaning of section 115 if a law requires it to be recorded and "vast legal consequences" flow from it. (*People v. Hassan* (2008) 168 Cal.App.4th 1306, 1316.)

" 'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable,

---

**2** On appeal, defendant does not dispute that this element is met.

credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence.' "  (*People v. Covarrubias* (2016) 1 Cal.5th 838, 890.)

Defendant contends the proof of service at issue was not a document that, if genuine, could be legally filed because of defects in the motion itself.  Here, the proof of service was filed so it necessarily is a document that if genuine, could be legally filed.  (*People v. Murphy*, *supra*, 52 Cal.4th at p. 88.)  Moreover, the test of whether a document can be legally filed is simply whether a law authorizes its filing.  (*People v. Harrold* (1890) 84 Cal. 567, 569-570.)  Here, the law not only authorizes, but requires the filing of a proof of service.  California Rules of Court, rule 8.817(a)(1), (2) mandates that, "[b]efore filing any document, a party must serve, by any method permitted by the Code of Civil Procedure, one copy of the document on the attorney for each party" and must attach to it a "proof of service showing service on each person or entity required to be served."

Further, contrary to defendant's argument, the issue is not whether the information in the motion is of such a nature that the government is required or permitted by law to act in reliance thereon or materially affects significant rights or duties of third persons.  Rather, the issue is whether the same can be said for the document that defendant claims is not an instrument within the meaning of section 115:  the proof of service.  Even if the motion lacked merit, the information contained in the proof of service is of such a nature that the government is required or permitted by law, statute, or valid regulation to act in reliance thereon.  "[V]ast legal consequences" flow (*People v. Hassan*, *supra*, 168 Cal.App.4th at p. 1316) from proofs of service because courts rely on them to ensure that the moving party has timely served and thus given notice to the opposing party.  For example, courts rely on proofs of service in determining whether a summons and complaint were properly served and a default judgment properly entered.  (See, e.g.,

*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201-1204.) Here, the trial court could have relied on the proof of service and entered a default judgment without considering the merits of the motion or assessing whether it was timely filed or defendant had standing to file it at all. Thus, the proof of service is an instrument within the meaning of section 115.

Viewed in the light most favorable to the judgment, there was substantial evidence to support the jury's finding that defendant was guilty of violating section 115. The proof of service was admitted into evidence and alleged that Hobbs was served with the motion. However, Hobbs testified that he was not served. The jury saw and heard evidence that the proof of service, along with the motion, was filed. Hobbs testified to the requirement of a proof of service for filings and how the trial court could enter a default judgment based on a proof of service. Hobbs also specifically testified that if the proof of service were not fraudulent, it could have been legally filed. The jury could reasonably find that the proof of service was a document that could be legally filed and that the court could rely upon the proof of service to enter a default judgment.

Because defendant's due process claims rest entirely on his argument that there was insufficient evidence upon which the jury could find him guilty, his due process claims are without merit.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
BOULWARE EURIE, J.

/s/
WISEMAN, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.