724 P.2d 587

**STATE of Arizona, Appellee,**

v.

**Arthur Douglas ROYER, Appellant.**

**No. 1 CA–CR 9044.**

Court of Appeals of Arizona,
Division 1, Department D.

April 8, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Criminal Div., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Presiding Judge.

Defendant Arthur Douglas Royer was charged with filing a false instrument in violation of A.R.S. § 39–161. Following a jury trial, he was convicted of the offense and placed on three years probation.

The charge arose out of defendant's renewal application for his real estate broker license filed with the Real Estate Department in 1981. One of the questions on the application was whether the applicant had been "charged with or convicted of any criminal offense." A.R.S. § 32–2123(B)(4) requires that every application for a real estate broker license be in writing and contain certain information, including whether the applicant has ever been "charged or convicted of a felony and, if so, the nature of the felony, and if committed where and when committed and the disposition of the conviction...." Defendant answered the question "no."

The state introduced evidence at trial that at the time defendant answered the question in the negative, he had personally been served with a summons and indictment in another matter that was referred to as the "Big Valley" case. In fact, it was a 45–page indictment, naming defendant in 7 of the 32 counts. The state argued that the indictment itself was admissible because defendant's "state of mind" was a very important issue in the case. The state argued that the length of the indictment, the fact it named defendant's friends and associates, and the myriad of charges involved were all extremely relevant to show that the defendant could not possibly have overlooked the fact that he had been "charged" with a felony.

On appeal, defendant raises the following issues:

1. The trial court erred in limiting defendant's right to cross-examination.

2. The trial court erred in admitting the Big Valley indictment into evidence.

3. The trial court erred in its instructions to the jury.

### CROSS–EXAMINATION OF WITNESSES

Defendant argues that the trial court erred by limiting cross-examination of a licensing administrator who worked for the Real Estate Department. The broker renewal application was admitted through her testimony. During trial, defendant's counsel attempted to cross-examine her as to whether or not any administrative action had been taken by the department against the defendant's broker license; whether the license application of other co-defendants in the Big Valley case were approved by the department; and, whether the Real Estate Department had received a copy of the indictment in the Big Valley case, which would have included counts alleging criminal acts by defendant. In each instance, the trial court ruled that the evidence was irrelevant and precluded questioning into those areas. Defendant argues that because his defense was that he did not intentionally lie on the application, the court's refusal to allow him to examine the Department's knowledge of the charges pending against him prevented the jury from hearing relevant evidence on his defense.

Defendant was charged with filing a false instrument in violation of A.R.S. § 39–161. That statute states, in part:

A person who acknowledges, certifies, notarizes, procures or offers to be filed, registered or recorded in a public office in this state an instrument he knows to be false ... is guilty of a class 6 felony.

Defendant testified on direct examination that he did not know that the application included a question regarding whether or not an applicant had been "charged" with a criminal offense. His testimony, and counsel's cross-examination of the license administrator, attempted to show that defendant believed that he was only required to notify the Department if he were "convicted" of a felony offense.

In determining whether the trial court improperly curtailed defendant's right to confrontation under the sixth amendment, a reviewing court must determine whether a defendant has been denied the opportunity of presenting information which bears either on the issues in the case or on the credibility of the witnesses. See *State v. Fleming*, 117 Ariz. 122, 125, 571 P.2d 268, 271 (1977). A fundamental requirement for admission of any evidence is that it be "relevant," that is, it must have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *State v. Fisher*, 141 Ariz. 227, 245, 686 P.2d 750, 768 (1984) *cert. denied* 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984); rule 401, Arizona Rules of Evidence.

In this case, we think the trial court properly exercised its discretion in determining that whether the Department had taken any administrative action against the defendant in this matter, whether licenses of co-defendants in the Big Valley case were renewed, or whether the Department received a copy of the indictment was irrelevant to the issue of whether the defendant was guilty of an offense under A.R.S. § 39–161. We note that the questions posed to the license administrator were later asked of the defendant's witness, a former assistant real estate commissioner. He testified that the Real Estate Deprtment had received a copy of the indictment and also testified that no administrative action had been taken against any of the defendants in the Big Valley case. When evidence is introduced through other witnesses during trial, it is not reversible error to have precluded the questions in the first instance, unless somehow there is prejudice to a defendant. See *State v. Goswick*, 142 Ariz. 582, 584–85, 691 P.2d 673, 675–76 (1984). We find no prejudice here.

## ADMISSION OF THE INDICTMENT

Defendant argues that the trial court erred in admitting the entire indictment of the Big Valley case. He argues that presenting the entire document, containing allegations against numerous other co-defendants, prejudiced him and that the prejudice exceeded any probative value the document might have had. The state argues that the trial court properly admitted a copy of the entire Big Valley indictment in evidence as it was necessary to prove an element of the crime charged and because it was necessary to complete the story of the crime.

To prove the elements of a violation of A.R.S. § 39–161, the state was required to prove that the defendant filed an instrument that he knew was false in a public office. The indictment was introduced in evidence to support the state's proof of the fact that defendant falsely stated that he had not been previously "charged with" a felony offense. Defendant's testimony at trial supported his defense that he simply did not read the application carefully enough to know that the question referred to "charged with" as well as "convicted of" a felony offense. At the outset of the state's case, particularly during cross-examination of the state's witnesses by defense counsel, the theory of the defense appeared to be that the Real Estate Department was not concerned with whether a person had been "charged with" a felony offense, but was only taking action against real estate licensees who had been "convicted of" felony offenses.

The parties appeared to agree that defendant knew he had been charged with a felony prior to completing the broker license renewal application. If the entire indictment were introduced only to prove this uncontested point, it had little purpose except to inflame the jury. E.g., State v. Chapple, 135 Ariz. 281, 288, 660 P.2d 1208, 1215 (1983). In Chapple, the Arizona Supreme Court ruled that while photographs of the murder victim were relevant to proving some elements of first degree murder, they had little probative value when none of the issues for which the photographs could properly be used were in issue, and admitting them was error. However, evidence which is relevant to an uncontested issue may also be relevant to contested issues. An example is State v. Clabourne, 142 Ariz. 335, 343, 690 P.2d 54, 62 (1984). The defendant in Clabourne challenged the admissibility of photographs of the murder victim because he had been willing to stipulate the victim's identity and cause of death. On appeal, the court ruled that the photographs were needed for other purposes, to explain testimony, and to prove malice and premeditation to show first degree murder. Thus the trial court did not abuse its discretion in admitting the photographs. Id.

In this case, the trial judge carefully considered the probative value of the admission of the indictment to prove the falseness of the statement made in the renewal license application. In addition, the trial judge gave a thorough and careful limiting instruction to the jury to guide them in their consideration of the indictment. Under all of the facts of this case, we cannot say that the trial judge clearly abused his discretion in determining that the entire indictment would be admissible to prove the element of falsity of the statement.

## INSTRUCTIONS TO THE JURY

Defendant argues that his defense at trial was that he either mistakenly or through ignorance marked the wrong box on the license renewal application form. He argues that the court erred in refusing to give his proffered instructions regarding "ignorance or mistake of fact" and defining the term "knowingly." Defendant objected to the instruction defining "knowingly" given by the trial court. That instruction was one of a group defining the elements of the crime of presentment of a false instrument and immediately followed the instruction setting forth the elements of the crime. The court instructed that the

offense required proof that the defendant, in part, offered to be filed an instrument "he knows to be false." The instruction clearly referred to the last element and stated:

"To know" or "knowingly" imports only a knowledge that the facts exist which bring the act or omission within the provisions of the statute using such word. It does not require any knowledge of the unlawfulness of the act or omission.

Defendant argues that the instruction left out his theory of "ignorance or mistake" and imported to the jury that the mere commission of the act, i.e., checking the wrong box, constituted a commissio ͨ the offense.

■ When the instructions are read as a whole, it is clear that the jury was properly instructed that in order to convict the defendant of this offense they had to find that he filed an instrument which he knew was false. We think the trial court's instructions properly framed the legal issue for the jury. The court's definition of the element of "knowing" was in accordance with statutes defining "knowingly," A.R.S. § 13–105(5)(b), § 1–215(12). Where the refused instructions relate to matters that are adequately covered by other instructions pertaining to the legal issues, there is no error in refusing the specific instructions offered by the defense. *State v. Via,* 146 Ariz. 108, 704 P.2d 238 (1985) *cert. denied,* —— U.S. ——, 106 S.Ct. 1268, 89 L.Ed.2d 577 (1986). Under the court's instruction, the jury was required to find that defendant knew that he had been "charged with" an offense, and then falsely answered the question. The court's instructions would have permitted them, had they been so inclined, to believe the defendant and find that he did not knowingly make a false statement.

Judgment affirmed.

BROOKS and FROEB, JJ., concur.